UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

X------------------------------------------------------X
PHASE ONE NETWORK, INC.,                    Case No.:  22-cv-9511

                      Plaintiff,
                                                      **COMPLAINT AND DEMAND**
          v.                                              **FOR JURY TRIAL**

YE f/k/a KANYE WEST d/b/a "Yeezy Tech",
ALEX KLEIN, KANO COMPUTING
LIMITED, STEMPLAYER, LTD, GETTING
OUT OUR DREAMS II, LLC, G.O.O.D.
MUSIC, DEF JAM RECORDINGS, and UMG
RECORDINGS, INC.
                      Defendant.
X------------------------------------------------------X

Plaintiff, Phase One Network, Inc. ("Plaintiff") by its attorneys, Adelman Matz, P.C., for its complaint against YE f/k/a Kanye West d/b/a "Yeezy Tech" ("Defendant West"), Alex Klein ("Klein"), Kano Computing Limited ("Kano"), Stemplayer, LTD, Getting Out Our Dreams II, LLC ("GOOD II"), Getting Out Our Dreams, Inc. a/k/a G.O.O.D. Music ("GOOD Music"), Def Jam Recordings, a division of UMG Recordings, Inc. ("Def Jam"), and UMG Recordings, Inc. a/k/a Universal Music Group ("UMG Recordings") (collectively "Defendants"), alleges as follows:

### NATURE OF THE CASE

1. This is an action by Plaintiff for copyright infringement, contributory copyright infringement, and vicarious copyright infringement under the Copyright Act of 1976, 17 U.S.C. §101 *et seq.*, based on the knowing and willful conduct by Defendants infringing on Plaintiff's copyright in a certain musical composition and sound recording.

1

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action alleges violations of federal statutes including the Copyright Act of 1976, 17 U.S.C. §§101, *et seq*.

3. Upon information and belief, this Court has personal jurisdiction over the Defendants pursuant to NY CPLR § 302 because Defendants have purposefully availed themselves of doing business in New York through selling the Infringing Works (as defined below), on the music playback device, the "Stemplayer", within the State of New York. Further, all Defendants benefit from the sales of the infringing work and sales of the music playback device in the State of New York.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(3) because the Defendants are subject to the Court's personal jurisdiction with respect to the action, as Defendants have sold the infringing work and music playback device, the Stemplayer, within the State of New York, and including within this District.

## NATURE OF THE PARTIES

5. Plaintiff is incorporated under the laws of the state of New Jersey with its principal place of business located at 424 West 33rd Street, Suite 220, New York, NY 10001.

6. Plaintiff owns, controls and/or administers copyright and/or exclusive rights in and to numerous compositions, including the musical composition and sound recording for the song "South Bronx" by Boogie Down Productions ("South Bronx" or the "Work").

7. Upon information and belief, Defendant West is a multimedia artist and entrepreneur known for his ventures in music, fashion, and business.

8. Defendant West is individual that is engaged in the production and composition of music that is distributed worldwide over the internet via, among other things, the "Stemplayer", as referenced at https://www.stemplayer.com/ (the "Stemplayer Website"), which music is available for purchase worldwide. Upon information and belief, Defendant West does business as "Yeezy Tech" in connection with the sale and distribution of the Stemplayer.

9. Upon information and belief, Defendant West owns or operates the Stemplayer Website, including but not limited to managing sales of the Stemplayer.

10. Upon information and belief, Kano Computing Limited is a private limited company incorporated in London, England, with its principal place of business located at Unit 12.1 11 – 29 Fashion Street, London, England E1 6PX. Upon information and belief, Kano has designed, developed, produced, and distributed over 1.2 million complex computer products globally, including the Stemplayer which was developed with co-creator Defendant West.

11. Upon information and belief, Kano Computing Limited co-designed, developed, manufactured, and also distributed the Stemplayer, which includes the Infringing Track (as described below), since August 2021.

12. Upon information and belief, Klein is the co-founder and Chief Executive Officer of Kano and is credited co-creator of the Stemplayer.

13. Upon information and belief, Klein resides in the United Kingdom, and does sustainable business in the United States and this State, including with respect to the creation and distribution of Stemplayer.

14. Upon information and belief, Stemplayer, LTD is a private limited company incorporated in London, England, with its principal place of business located at Unit 12.1 11 – 29 Fashion Street, London, England E1 6PX. Stemplayer LTD distributes the Stemplayer through the Stemplayer Website.

15. Upon information and belief, Stemplayer, LTD has distributed the Stemplayer, which includes the Infringing Track (as described below), since March 2022.

16. Upon information and belief, GOOD II is limited liability company existing under the laws of the state of Delaware with its principal place of business located at 6 Centerpointe Drive, Suite 620, La Palma, CA, 90623.

17. Upon information and belief, GOOD II maintains authorship and ownership of the copyrights and other properties pertaining to West's musical creations and other works.

18. Upon information and belief, GOOD II has exploited and authorized use of the Infringing Track (as defined below).

19. Upon information and belief, GOOD Music is a record label founded by West in 2004. GOOD Music is a sublabel of and is distributed by Def Jam. GOOD Music is under the control of Defendant West, Def Jam and UMG.

20. Upon information and belief, GOOD Music supervised the illegal reproduction of the Infringing Track (as described below) and authorized the illegal reproduction and distribution of the Plaintiff's copyright protected work on the Stemplayer.

21. Upon information and belief, Def Jam is a music label owned by and is a division of UMG, with its headquarters located at 2220 Colorado Ave, Floor 5, Santa Monica, CA 90404.

22. Upon information and belief, Def Jam supervised the illegal reproduction of the Infringing Track (as described below) and authorized the illegal reproduction and distribution of the Plaintiff's copyright protected work on the Stemplayer.

23. Upon information and belief, UMG is a record company that owns the Def Jam music label and sublabel, GOOD Music, with its principal place of business at 2220 Colorado Avenue, Santa Monica, CA 90404.

24. Upon information and belief, UMG, as the parent company of Def Jam, GOOD Music, and GOOD II, authorized the infringing actions as described herein, including authorization of the distribution of Plaintiff's copyright protected work on the Stemplayer.

## FACTUAL BACKGROUND

25. Plaintiff is a record company and owner to the copyright in "South Bronx" by Boogie Down Productions. Upon information and belief, Defendant West, GOOD II, GOOD Music, Def Jam, and UMG (collectively the "West Parties"), knowingly without a license, unlawfully copied from "South Bronx" when creating the track "Life of the Party" (the "Infringing Track"). Defendant West and GOOD II used and copied portions of Plaintiff's copyrighted work, South Bronx, to create a derivate work, the Infringing Track, without Plaintiff's permission.

26. Upon information and belief, Defendant West, Kano Computing Limited, Alex Klein and Stemplayer, LTD (collectively the "Stemplayer Parties"), created, developed and sold a music playback device, the Stemplayer ("Stemplayer"), which has a limited number of musical works on it. The Stemplayer Parties willfully distributed the

Infringing Track by reproducing the Infringing Track onto the Stemplayer and selling the Stemplayer to consumers around the world.

27. Upon information and belief, Defendant West, Klein and Kano each have authority over the manner in which the Stemplayer is sold, including the content included with the Stemplayer.

28. Upon information and belief, Defendant West, Klein and Kano all benefitted from the sale of Stemplayers.

29. Upon information and belief, according to Defendant West, within only the first 24 hours of launching the Album, he sold 11,000 units of the Stemplayer, which generated revenue of $2.2. million dollars.

30. Upon information and belief, sales of the Stemplayer loaded with the album *Donda* have continued since that time, resulting in millions of dollars of more revenue to the Defendant West.

31. Upon information and belief, the West Parties authorized the distribution of the Infringing Track on the Stemplayer.

32. Upon information and belief, Defendants reproduced and incorporated the Infringing Track into infringing advertisements by using the Infringing Track in advertisements and marketing for the album *Donda* and the Stemplayer (the "Infringing Advertisements").

33. Upon information and belief, portions of the Infringing Advertisements contain exact copies of South Bronx.

34. By incorporating the Infringing Track into the Infringing Advertisements, Defendants, as specified herein, have reproduced South Bronx, displayed South Bronx,

distributed South Bronx, and created derivatives of South Bronx, without authorization or permission from Plaintiff.

35. South Bronx remains a seminal track in the American hip hop lexicography. Created by Lawrence Parker p/k/a KRS-One and Scott Sterling p/k/a DJ Scott La Rock, the two original members of the American hip-hop group Boogie Down Productions, South Bronx was a response to the Queensbridge-based MC-Shan track, "The Bridge," and the beginning of what came to be known as hip hop's "The Bridge Wars."

36. South Bronx is noted, not only for being an important diss track, but also for its realistic lyrical depiction of the life in the Bronx, which was unheard of at the time.

37. South Bronx is also an iconic example of the early use of sampling in hip hop. These innovations, along with Boogie Down Productions' unconventional combination of dancehall reggae and hip hop, led to the creation of gangsta rap. In 2020, Rolling Stone listed "Criminal Mind" (the album containing South Bronx, to which it was the lead single) as 239 on its list of the 400 Greatest Albums of All Time.

38. Both the sound recording and composition copyrights for South Bronx are registered with the United States Copyright Office and attained U.S. Copyright Registration No. SR 115-448 with an effective date of May 14, 1990, and U.S. Copyright Registration No. PA 764-496, with an effective date of January 1, 1996, respectively (the "Registrations").

39. Through a series of written and legal transfers, Plaintiff acquired 50% of the right, title, and interest in the Work and the Registrations, and 100% of the administration rights over the masters and compositions in the Work and the Registrations.

40. As such, Plaintiff has acquired the right, title, and interest in and to the copyright in South Bronx, as well as all rights to income from South Bronx and the right to prosecute all causes of action for infringement thereof.

41. Upon information and belief, prior to creating the Infringing Track, the West Parties had access to the Work, which was widely distributed.

42. Upon information and belief, sometime in 2021, the West Parties created the Infringing Track titled "Life of The Party," a musical work that incorporated Plaintiff's musical work, South Bronx.

43. Access is further evidenced by the Infringing Track's and Infringing Advertisements' (as defined below) exact reproduction of South Bronx. Specifically,

   a. The Infringing Track reproduces the horn hits from South Bronx.

   b. The Infringing Track also reproduces a melodic figure from South Bronx.

   c. The Infringing Track reproduces a drum fill from South Bronx in the Infringing Track.

44. Upon information and belief, at all times herein the West Parties were aware that South Bronx was copyright protected and owned by Plaintiff and that they had not obtained a license to reproduce or distribute South Bronx.

45. On July 15, 2021, the West Parties sent Plaintiff a formal licensing request through their clearance agent, Eric D. Weissman of Eric Weissman Music Licensing, Inc., for the use of South Bronx in the Infringing Track, and the communications confirmed that South Bronx had been incorporated into the Infringing Track even though West had yet to obtain such license.

46. Upon information and belief, despite the fact that final clearance for use of South Bronx in the Infringing Track was never authorized, the Infringing Track was nevertheless reproduced, sold, distributed, publicly performed and exploited in numerous ways.

47. Upon information and belief, on August 25, 2021, the West Parties and Kano launched the Stemplayer and stemplayer.com, taking pre-orders for the device, with the intent to distribute the Infringing Track via the Stemplayer device and stemplayer.com.

48. Upon information and belief, on or around September 4, 2021, as part of what could only have been an intentional effort by the West Parties to advertise the Stemplayer by providing social media influencers with access to the device, the Infringing Track was broadcast on Sirius XM as part of a broadcast publication on Aubrey Drake Graham's Sound 42 SiriusXM Radio show (the "Track Leak").

49. The Infringing Track was utilized in various Infringing Advertisements promoting the Stemplayer and on social media.

50. Upon information and belief, beginning in October of 2021 the Stemplayer Parties distributed the Infringing Track by reproducing the Infringing Track onto the Stemplayer and selling it to consumers.

51. Users were encouraged to and given the ability to split the songs on it (which included the Infringing Track) into stems that can then be freely customized and manipulated using the device (the use of the Infringing Track on the Stemplayer and stemplayer.com, the Infringing Advertisements, and the Track Leak, are collectively herein referred to as the "Infringing Uses").

52. On November 10, 2021, with the parties still not having come to an agreement regarding a license to use South Bronx in the infringing track, the West Parties, through their clearance agent Mr. Weissman, requested that Plaintiff forward a license agreement for South Bronx, including their preferred terms.

53. On November 10, 2021, Plaintiff's Operations Officer, Vanessa Sanchez, responded to Mr. Weissman, stating that she was out of office for the remainder of the week and would respond the following Monday.

54. On November 16, 2021, the West Parties, through their clearance agent Mr. Weissman, formally retracted the July 15, 2021, license request to use South Bronx.

55. Upon information and belief, the West Parties retracted the licensing request despite having already incorporated South Bronx into the Infringing Track, distributed the infringing track through the Stemplayer and its associated website, and incorporated the Infringing Track into the Infringing Advertisements.

56. Upon information and belief, beginning in 2021 and continuing until at least 2022, the West Parties also reproduced, distributed, displayed, and performed South Bronx by using the Infringing Track in Defendant's Infringing Advertisements.

57. Upon information and belief, in March of 2022, the company Stemplayer LTD was incorporated and along with the Stemplayer Parties began distributing the Infringing Track by reproducing it onto the Stemplayer and selling same.

58. Upon information and belief, by virtue of the above, the West Parties reproduced and/or made unauthorized derivatives of South Bronx.

59. The Defendants' above-described acts were undertaken without Plaintiff's authorization or permission.

60. Further, Defendants' infringing acts were willful and deliberate, and committed with prior notice and knowledge of Plaintiff's copyrights in and to the Work.

61. By illegally incorporating South Bronx into the Infringing Track and authorizing the distribution of the Infringing Track through the Stemplayer and its associated website, all Defendants have allowed for the widespread distribution of the Infringing Track and have direct financial interest in the same.

## COUNT I
### (Copyright Infringement)

62. Plaintiff repeats and re-alleges each and every allegation of paragraphs 1 through 61 as above as if fully set forth herein.

63. Plaintiff is the owner of a valid copyright in and to South Bronx.

64. Upon information and belief, as described herein, Defendants have copied, reproduced, displayed, distributed, publicly performed, and otherwise exploited, for a commercial purpose, South Bronx as part of the Infringing Track and Infringing Performances and Infringing Advertisements without authorization or permission from Plaintiff.

65. Upon information and belief, Defendants had access to Plaintiff's work, South Bronx, as it was widely distributed.

66. Upon information and belief, the West Parties have created derivative works utilizing exact reproductions of South Bronx without authorization or permission from Plaintiff, which include but are not limited to the Infringing Track and the Infringing Advertisements.

11

67. Upon information and belief, by means of the West Parties' use of the abovementioned sound recordings of South Bronx, a qualitative and quantitatively significant portion of the Infringing Track was appropriated from South Bronx.

68. Upon information and belief, by means of the West Parties' use of the abovementioned sound recordings of South Bronx, portions of the Infringing Track are exact copies and/or interpolations of South Bronx.

69. Upon information and belief, the Stemplayer Parties, including Stemplayer LTD, infringed upon the Plaintiff's copyright by distributing the Infringing Track on the Stemplayer.

70. Upon information and belief, Defendants infringing acts alleged herein were willful, deliberate, and committed with prior notice and knowledge of Plaintiff's copyright in and to South Bronx.

71. Upon information and belief, Plaintiff has been harmed by the infringement by Defendants of Plaintiff's valid copyright in and to South Bronx.

72. Further, upon information and belief, the infringing acts of the Defendants have been, are, and, if continued hereafter, will continue to be committed willfully.

73. As a direct and proximate result of the infringement by Defendants, Defendants are liable to the Plaintiff for willful copyright infringement under 17 U.S.C. § 501. Plaintiff suffered, and will continue to suffer, losses in an amount not yet ascertained but to be determined at trial. In addition to Plaintiff's actual damages, Plaintiff is entitled to receive the profits made by the Defendants from their wrongful acts, pursuant to 17 U.S.C. § 504(b).

74. In the alternative, Plaintiff is entitled to statutory damages, pursuant to 17 U.S.C. § 504(c).

75. Upon information and belief, statutory damages against Defendants should be enhanced by 17 U.S.C. § 504(c)(2) because of the Defendants' willful copyright infringement.

76. Plaintiff is also entitled to recover its attorney's fees and costs of pursuant to 17 U.S.C. § 505.

77. As a result of Defendant's acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury for which there is no adequate remedy at law. Plaintiff is entitled to temporary, preliminary, and permanent injunctive relief to restrain and enjoin defendant's continuing infringing conduct.

## COUNT II
### (Contributory Infringement)

78. Plaintiff repeats and re-alleges each and every allegation of paragraphs 1 through 77 above as if fully set forth herein.

79. Upon information and belief, the Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction, creation of derivative works, display, performance, and distribution of South Bronx.

80. Upon information and belief, the Defendants have engaged in willful contributory copyright infringement by including the Infringing Track containing South Bronx on the Stemplayer.

81. Upon information and belief, as a result of Defendants' actions third parties have engaged in the illegal reproduction, creation of derivative works, display, performance, and distribution the Infringing Track containing South Bronx.

82. Upon information and belief, Defendants have profited from their inducement, participation in and aiding and abetting such acts.

83. Plaintiff suffered, and will continue to suffer, losses in an amount not yet ascertained but to be determined at trial. In addition to Plaintiff's actual damages, Plaintiff is entitled to receive the profits made by the Defendants from their wrongful acts, pursuant to 17 U.S.C. § 504(b).

84. As a result of its actions, Defendants are liable to the Plaintiff for willful copyright infringement under 17 U.S.C. § 501. Plaintiff suffered, and will continue to suffer, losses in an amount not yet ascertained but to be determined at trial. In addition to Plaintiff's actual damages, Plaintiff is entitled to receive the profits made by the Defendants from their wrongful acts, pursuant to 17 U.S.C. § 504(b).

85. In the alternative, Plaintiff is entitled to statutory damages, pursuant to 17 U.S.C. § 504(c).

86. Plaintiff is also entitled to recover its attorneys' fees and costs of pursuant to 17 U.S.C. § 505.

## COUNT III
### (Vicarious Infringement)

87. Plaintiff repeats and re-alleges each and every allegation of paragraphs 1 through 86 above as if fully set forth herein.

88. Upon information and belief, the Defendants are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct, and because they had a direct financial interest in the infringing activity.

89. Upon information and belief, Defendants knew, or should have known, that they, their agents, representatives, and customers were not authorized to reproduce, create derivative works, display, perform, or distribute the Infringing Track in any capacity.

90. Upon information and belief, the reproduction of Plaintiff's copyright protected work and the distribution of the Infringing Track by the Defendants occurred while the Defendants had the right and ability to supervise the infringing actions of third parties.

91. Upon information and belief, the Defendants controlled and authorized how the Infringing Track would be distributed to consumers.

92. Upon information and belief, by controlling and authorizing the distribution of the Infringing Track, the Defendants have engaged in willful vicarious copyright infringement.

93. By reason of the Defendants' acts of copyright infringement as alleged herein, Defendants have obtained profits they would not otherwise have realized but for Defendants' infringement of South Bronx's rights in the Composition. As such, Plaintiff is entitled to disgorgement of the Defendants' profits attributable to Defendants' infringement of their rights in the Composition, in an amount to be established at trial. In addition to Plaintiff's actual damages, Plaintiff is entitled to receive the profits made by the Defendants from their wrongful acts, pursuant to 17 U.S.C. § 504(b).

94. As a result of its actions, Defendants are liable to the Plaintiff for willful copyright infringement under 17 U.S.C. § 501. Plaintiff suffered, and will continue to suffer, losses in an amount not yet ascertained but to be determined at trial. In addition to

Plaintiff's actual damages, Plaintiff is entitled to receive the profits made by the Defendants from their wrongful acts, pursuant to 17 U.S.C. § 504(b).

95. Plaintiff is informed and believed and thereon alleges that Defendants have committed acts of copyright infringement, as alleged above, which were willful, intentional, and malicious, which further subjects Defendants to liability for statutory damages under section 504(c)(2) of the Copyright Act in the sum of up to $150,000 per infringement and/or a preclusion from asserting certain equitable and other defenses.

96. Plaintiff is also entitled to recover its attorneys' fees and costs of pursuant to 17 U.S.C. § 505.

**WHEREFORE,** Plaintiff respectfully requests the Court to enter judgment in its favor and against Defendants, as follows:

a) For an injunction against Defendants and their agents, servants, employees, representatives, affiliated companies and other business entities successors, assignees and those acting in concert with them or at their direction, from directly or indirectly reproducing, downloading, distributing, communicating to the public, uploading, linking to, transmitting, publicly performing or otherwise exploiting in any manner the track South Bronx.

b) That Defendants have infringed Plaintiff's rights in the copyright in South Bronx under 17 U.S.C. §501, and that the infringement by the Defendants was willful;

c) For damages suffered by Plaintiff as a result of the infringement complained of herein, as well as disgorgement of any profits attributable to Defendants' infringement, including the value of all gains, profits, advantages, benefits, and consideration derived by

Defendants from and as a result of their infringement of Plaintiff's copyright in South Bronx, in an amount to be determined at trial;

        d)        In the alternative, if Plaintiff so elects, in lieu of recovery of its actual damages and the Defendants' profits, for an award of statutory damages against Defendants, for their willful acts of copyright infringement;

        e)        That Defendants, and their members, managers, officers, agents, and employees, and all persons acting in concert with it, be permanently enjoined from infringing, reproducing, distributing, displaying, broadcasting, publishing, licensing, exploiting or making derivative works from South Bronx in any manner;

        f)        That the Court enters an Order pursuant to 17 U.S.C. § 503 mandating the impounding of all infringing copies of South Bronx, including the Infringing Track and the Infringing Advertisements, and any other materials prepared by Defendants containing any copies or any portions of South Bronx;

        g)        For costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

        h)        That any judgment be entered against Defendants jointly and severally; and

        i)        For such other and further relief in favor of Plaintiff as the Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury on all claims for relief and issues triable by jury.

//
//
//

Dated: New York, New York  
November 7, 2022

Respectfully submitted,

_____

Sarah M. Matz, Esq.
Gary Adelman, Esq.
*Attorneys for Plaintiff*
1173A Second Ave, Suite 153
New York, New York 10065
Telephone: (646) 650-2207
E-mail: sarah@adelmanmatz.com
E-mail: g@adelmanmatz.com