UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PHASE ONE NETWORK, INC.,

                    Plaintiff,

      -against-


YE f/k/a KANYE WEST d/b/a "Yeezy Tech",
ALEX KLEIN, KANO COMPUTING LIMITED,
STEMPLAYER, LTD, GETTING OUT OUR
DREAMS II, LLC, G.O.O.D. MUSIC, DEF JAM
RECORDINGS, and UMG RECORDINGS, INC.,

                    Defendants.

Civil Action No. 22-cv-9511

**ORAL ARGUMENT
REQUESTED**


**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**


**MARASHI LEGAL
930 Grand Concourse
Bronx, New York 10451**

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS ............................................................................................... i

TABLE OF AUTHORITIES .......................................................................................... iii

DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION
TO DISMISS PLAINTIFF'S COMPLAINT .....................................................................1

    PRELIMINARY STATEMENT ..................................................................................1

    BACKGROUND ......................................................................................................2

        A.   Summary of the Complaint ...............................................................2

        B.   Relevant Procedural History ...............................................................4

    LEGAL ARGUMENTS .............................................................................................4

    I.   PLAINTIFF LACKS ARTICLE III STANDING .......................................................4

      A.   RULE 12(b)(1) STANDARD OF REVIEW ...................................................4

      B.   YE DEFENDANTS' EVIDENCE REBUTS PLAINTIFF'S
           ALLEGATION OF EXCLUSIVE COPYRIGHT OWNERSHIP ...........................5

    II.  YE DEFENDANTS' CREATION OF NEW WORK CONSTITUTES AS
       FAIR USE................................................................................................8

      A.   FAIR USE AT MOTION TO DISMISS........................................................8

        1.   Fair Use Application for Ye Defendants' Use of South Bronx for the
           Purpose of Artistic Experimentation is Covered by Copyright Policy
           and Case Law..............................................................................10

    III.  DISMISSAL PURSUANT TO RULE 12(b)(6) PLAINTIFF FAILS TO
       STATE A CLAIM AGAINST YE DEFENDANTS ....................................................13

      A.   RULE 12(b)(6) STANDARD OF REVIEW .................................................13

      B.   PLAINTIFF FAILS TO STATE A CLAIM AGAINST YE
           DEFENDANTS FOR COPYRIGHT INFRINGEMENT .......................................14

        1.   Plaintiff's Failure To Give Fair Notice to Ye Defendants for
           Copyright Infringement Under Rule 8 is Detrimental to its Claims. ...................14

        2.   Claims against Getting Out Our Dreams II, LLC, and G.O.O.D.
           Music Must Be Dismissed for Failure to Allege Involvement ............................17

        3.   Plaintiff's Complaint Fails to Plead Contributory and Vicarious
           Infringement Against Ye Defendants ..................................................18

    4. Plaintiff's Willful Infringement Allegations Against Ye Defendants
      Must be Dismissed with Prejudice ....................................................................21

 IV. DISMISSAL PURSUANT TO RULE 12(b)(7)..................................................................22

  A. RULE 12(b)(7) STANDARD OF REVIEW ..............................................................22

  B. RULE 12(b)(7): Plaintiff Failed to Join A Necessary Party.......................................22

CONCLUSION ....................................................................................................................................23

CERTIFICATE OF SERVICE ............................................................................................................25

# TABLE OF AUTHORITIES

Page

**Cases:**

*All. For Envtl. Renewal, Inc. v. Pyramid Crossgates Co.*
   436 F.3d 82 (2d Cir. 2006) ................................................................. 4

*Ashcroft v. Iqbal*
   556 U.S. 662 (2009) ........................................................................ 13

*Atuahene v. City of Hartford*
   10 F.App'x 33 (2d Cir. 2001) ........................................................... 18

*Authors Guild v. Google, Inc.*
   804 F.3d 202 (2d Cir. 2015) ............................................................. 9

*Bald Hill Builders, LLC v. 2138 Scuttle Hole Rd. Realty, LLC*
   2017 U.S. Dist. LEXIS 135243 (E.D.N.Y. Aug. 23, 2017) ............... 16

*Bay Harbour Mgmt. LLC v. Carothers*
   282 F.App'x 71 (2d Cir. 2008) ........................................................ 14

*Bear Creek Prods., Inc. v. Saleh*
   643 F.Supp. 489 (S.D.N.Y. 1986) .................................................... 21

*Bell Atl. Corp. v. Twombly*
   550 U.S. 544 (2007) ................................................................... 13, 19

*Brought to Life Music, Inc. v. MCA Records, Inc.*
   2003 U.S. Dist. LEXIS 1967 (S.D.N.Y. Feb. 11, 2003) .................. 19

*Brown v. Netflix, Inc.*
   462 F. Supp.3d 453 (S.D.N.Y. 2020) ............................................... 18

*Buck v. Hasbro, Inc., Civil Action*
   No. 20-cv-03382-WJM-MEH
   2021 U.S. Dist. LEXIS 254919 (D. Colo. Apr. 5, 2021) .................. 12

*BWP Media USA, Inc. v. Hollywood Fan Sites, L.L.C.*
   69 F. Supp.3d 342 (S.D.N.Y. 2014) ................................................ 14

*Cain v. Simon & Schuster, Inc.*
   2012 U.S. Dist. LEXIS 92434 (S.D.N.Y. July 3, 2012) ................... 19

*Cantinieri v. Verisk Analytics, Inc.*
   2023 U.S. Dist. LEXIS 56965 (E.D.N.Y. March 31, 2023) ............... 5

*Carter v. HealthPort Techs., LLC*
   822 F.3d 47 (2d Cir. 2016) ............................................................ 4, 6

*Chambers v. Time Warner, Inc.*
   282 F.3d 147 (2d Cir. 2002) ........................................................... 14

*Chapman v. Maraj*
  2020 U.S. Dist. LEXIS 198684 (C.D. Cal. Sept. 16, 2020) ..................................... 10, 11, 12

*CJ Prods. LLC v. Snuggly Plushez LLC*
  2011 U.S. Dist. LEXIS 4983 (E.D.N.Y. Aug. 22, 2011) ...................................................... 7

*Cole v. John Wiley & Sons, Inc.*
  No. 11 Civ.2090(DF)
  2012 WL 3133520 (S.D.N.Y. Aug. 1, 2012) ....................................................................... 19

*Davis ex rel. Davis v. United States*
  343 F.3d 1282 (10th Cir. 2003) ........................................................................................... 6

*Demetriades v. Kaufmann*
  690 F.Supp. 289 (S.D.N.Y. 1988) ..................................................................................... 19

*DiFolco v. MSNBC Cable LLC*
  622 F.3d 104 (2d Cir. 2010) ................................................................................................. 9

*Display Producers, Inc. v. Shulton, Inc.*
  525 F.Supp. 631 (S.D.N.Y. 1981) ..................................................................................... 20

*DRK Photo v. McGraw-Hill Glob. Educ. Holdings, LLC*
  870 F.3d 978 (9th Cir. 2017) ............................................................................................... 4

*Durham Indus., Inc. v. Tomy Corp.*
  630 F.2d 905 (2d Cir. 1980) ................................................................................................. 7

*Elatab v. Hesperios, Inc.*
  2021 U.S. Dist. LEXIS 103661 (S.D.N.Y. June 2, 2021) .................................................. 21

*Energy Intel. Grp. Inc. v. Jeffries, LLC*
  101 F. Supp.3d 332 (S.D.N.Y. 2015) ............................................................................... 14

*Faulkner v. Nat'l Geographic Enters.*
  409 F.3d 26 (2d Cir. 2005) ................................................................................................. 18

*Fonar Corp. v. Domenick*
  105 F.3d 99 (2d Cir. 1997) ................................................................................................... 6

*Gayle v. Allee*
  2021 U.S. Dist. LEXIS 6756 (S.D.N.Y. Jan. 13, 2021) .................................................... 15

*Grand Upright Music, Ltd. v. Warner Bros. Records*
  780 F.Supp. 182 (S.D.N.Y. 1991) ....................................................................................... 1

*Gym Door Repairs, Inc. v. Young Equip. Sales, Inc.*
  206 F. Supp.3d 869 (S.D.N.Y. 2016) .................................................................................. 7

*Harper & Row, Publrs. v. Nation Enters.*
  471 U.S. 539 (1985) ........................................................................................................... 12

*Hartmann v. Google, LLC*
  2022 U.S. Dist. LEXIS 41129 (S.D.N.Y. Mar. 8, 2022) .................................................... 20

*Hernandez v. Goord*
  312 F.Supp.2d 537 (S.D.N.Y. 2004) ........................................ 17

*Hines v. W Chappell Music Corp.*
  2021 U.S. Dist. LEXIS 107398 (S.D.N.Y. June 8, 2021) .................... 17

*Hutson v. Notorious B.I.G., L.L.C.*
  No. 14-cv-2307 (RJS)
  2015 WL 9450623 (S.D.N.Y. Dec. 21, 2015) ............................... 7

*Island Software & Comput. Serv. v. Microsoft Corp.*
  413 F.3d 257 (2d Cir. 2005) ............................................ 7

*John Wiley & Sons, Inc. v. DRK Photo*
  882 F.3d 394 (2d Cir. 2018) ........................................ 5, 23

*Katz v. Donna Karan Co., L.L.C.*
  872 F.3d 114 (2d Cir. 2017) ............................................ 8

*Keeling v. Hars*
  809 F.3d 43 (2d Cir. 2015) ............................................ 15

*Kelly v. L.L. Cool J.*
  145 F.R.D. 32 (S.D.N.Y. 1992) ......................................... 14

*Kittay v. Kornstein*
  230 F.3d 531 (2d Cir. 2000) ........................................... 13

*Knitwaves, Inc. v. Lollytogs Ltd. (Inc.)*
  71 F.3d 996 (2d Cir. 1995) ............................................ 15

*Lafaro v. N.Y. Cardiothoracic Grp., P.L.L.C.*
  570 F.3d 471 (2d Cir. 2009) ........................................... 20

*LEGO A/S v. Best-Lock Constr. Toys, Inc.*
  404 F. Supp.3d 583 (D. Conn. 2019) .................................... 7

*Lieb v. Korangy Publ'g, Inc.*
  2022 U.S. Dist. LEXIS 69510 (E.D.N.Y. Sept. 30, 2016) ................. 16

*Lipton v. Nature Co.*
  71 F.3d 464 (2d Cir. 1995) ............................................ 21

*Livnat v. Lavi*
  1998 WL 43221; 1998 U.S. Dist. LEXIS 917 (S.D.N.Y. Feb. 2, 1998) ...... 20

*Matthew Bender Co., Inc. v. West Pub. Co.*
  240 F.3d 116 (2d Cir. 2001) ........................................... 22

*McDonald v. West*
  138 F. Supp.3d 448 (S.D.N.Y. 2015) ............................. 9, 14, 15

*Nicklen v. Sinclair Broad. Grp., Inc.*
  551 F. Supp.3d 188 (S.D.N.Y. 2021) .................................... 9

*Palmer Kane LLC v. Scholastic Corp.*
2014 U.S. Dist. LEXIS 44881 (S.D.N.Y. Mar. 31, 2014)  ..................................... 16

*Parker-Leon v. Middle Vill. Preparatory Charter Sch.*
2019 WL 2394211 (E.D.N.Y. June 6, 2019)  ...................................................... 5

*Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*
602 F.3d 57 (2d Cir. 2010)  ...................................................................... 9, 15

*Pickett v. Migos Touring, Inc.*
420 F. Supp.3d 197 (S.D.N.Y. 2019)  ............................................................ 14

*Rapoport v. Asia Elecs. Holding Co.*
88 F.Supp.2d 179 (S.D.N.Y. 2000)  .............................................................. 14

*S.B. v. City of New York*
2016 WL 4530455 (E.D.N.Y. Aug. 29, 2016)  .................................................. 18

*Sanders v. Grenadier Realty, Inc.*
367 F.App'x 173 (2d Cir. 2010)  .................................................................. 19

*Shipping Fin. Servs. Corp. v. Drakos*
140 F.3d 129 (2d Cir. 1998)  ...................................................................... 5

*SM Kids, L.L.C. v. Google L.L.C.*
963 F.3d 206 (2d Cir. 2020)  ...................................................................... 7

*Speedfit LLC v. Chapco Inc.*
2016 U.S. Dist. LEXIS 87649 (E.D.N.Y. June 29, 2016)  ................................... 19

*TCA Television Corp. v. McCollum*
839 F.3d 168 (2d Cir. 2016)  ...................................................................... 8

*The Paul Rudolph Found. v. Paul Rudolph Heritage Found.*
2022 U.S. Dist. LEXIS 162451 (S.D.N.Y. Sept. 8, 2022)  ............................. 16, 19

*Tross v. Ritz Carlton Hotel Co., LLC*
928 F.Supp.2d 498 (D. Conn. 2013)  ............................................................ 22

*Viacom Int'l v. Kearney*
212 F.3d 721 (2d Cir. 2000)  ...................................................................... 23

*VMG Salsoul, LLC v. Ciccone*
2013 U.S. Dist. LEXIS 184127 (C.D. Cal. Nov. 18, 2013)  ................................ 15

*Walkie Check Prods., LLC v. Viacom CBS Inc.*
2022 U.S. Dist. LEXIS 113357 (S.D.N.Y. June 27, 2022)  ................................ 15

*Warner Bros., Inc. v. Dae Rim Trading, Inc.*
677 F.Supp. 740 (S.D.N.Y. 1988)  .............................................................. 22

*Warren v. Fox Family Worldwide, Inc.*
328 F.3d 1136 (9th Cir. 2003)  .................................................................... 5

*Warren v. John Wiley & Sons, Inc.*
952 F.Supp.2d 610 (S.D.N.Y. 2013)  ........................................................... 19

*Wolk v. Kodak Imaging Network, Inc.*
  840 F.Supp.2d 724 (S.D.N.Y. 2012)  .................................................  20

*Wolk v. Photobucket.Com, Inc.*
  569 F.App'x 51 (2d Cir. 2014)  .................................................  20

*Yamashita v. Scholastic Inc.*
  936 F.3d 98 (2d Cir. 2019)  .................................................  12, 13

*Ying Li v. City of N.Y.*
  246 F. Supp.3d 578 (E.D.N.Y. 2017)  .................................................  17

*Yurman Design, Inc. v. PAJ, Inc.*
  262 F.3d 101 (2d Cir. 2001)  .................................................  21

*Yvonne Mart Fox v. Iowa Health Sys.*
  399 F. Supp.3d 780 (W.D. Wis. 2019)  .................................................  8

*Zurich Am. Ins. Co. v. Dah Sing Bank, Ltd.*
  2004 WL 1328215 (S.D.N.Y. June 15, 2004)  .................................................  17

*Zurich Am. Life Ins. Co. v. Nagel*
  2022 U.S. Dist. LEXIS 135044 (S.D.N.Y. March 14, 2022)  .................................................  6

**Statutes:**

17 U.S.C. § 103  .................................................  15

17 U.S.C. § 106  .................................................  5

17 U.S.C. § 107  .................................................  8

17 U.S.C. § 410  .................................................  7

17 U.S.C. § 501  .................................................  5

17 U.S.C. § 602  .................................................  5

17 U.S.C. § 621.1  .................................................  16

**Court Rules:**

Fed. R. Civ. P. 8  .................................................  13

Fed. R. Civ. P. 12  .................................................  2, 5, 6, 13, 14, 22

Fed. R. Civ. P. 41  .................................................  4

**Other:**

*Chapman v. Maraj* Protects Innovation and Creativity in the Music Industry, 30 U.
  MIA Bus. L. Rev. 239  .................................................  12

Smith, Patrick M., ""That's the Way We Flow': Hip Hop as Oral Literature" (2016).
  *Honors Theses*. 177. https://scarab.bates.edu/honorstheses/177.  .................................................  1

Wright & Miller, Fed. Prac. & Proc. § 1355 (3d ed. 2021)  .................................................  13

### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendants Ye f/k/a Kanye West d/b/a "Yeezy Tech", Getting Out Our Dreams II, LLC, and G.O.O.D. Music, ("Ye Defendants"), respectfully submit this memorandum of law in support of their motion to dismiss Plaintiff Phase One Networks, Inc, ("Phase One") Complaint ("¶" or "¶¶") (Marashi Declaration Ex. A) "(Decl. Ex. )" pursuant to Federal Rules of Civil Procedure "Rule" 12(b)(1), 12(b)(6), and 12(b)(7).

### PRELIMINARY STATEMENT

"Thou shall not covet" has been an admonition followed since the dawn of civilization. Unfortunately, in the modern world of business this admonition is not always followed. Indeed, the Plaintiff in this action for copyright infringement would have this court believe that coveting is rampant in the music business, and for that reason, its legal conclusion here, should be enforced. The conduct of Plaintiff herein, however, violates not only the Tenth Commandment, but also the spirit behind the copyright laws of this country. (*But see generally, Grand Upright Music, Ltd. v. Warner Bros. Records*, 780 F.Supp. 182, 183 (S.D.N.Y. 1991))[1] Phase One, the alleged owner of Boogie Down Productions' copyright, presents its cherry-picked Complaint premised on a legally incorrect and public policy defying proposition- that copyright infringement begins at the inception of an artist's explorative, developmental use of copyrighted material. To support this novel application, Phase One chops up "conclusions" masked as facts establishing infringements against Ye Defendants. Phase One quickly glosses over two essential elements incorporated into its Complaint, but never sufficiently clarified. The first is that Phase

---

[1]   While *Grand Upright* has only been cited in thirteen court opinions, its opening paragraph, that this present writer has "sampled", (but interpolated the original "steal" with the word "covet") has been explained in hundreds of law review and other articles, as the seminal case that increased the price of licensing for samples, effectively choking Hip Hop's culture of extrapolating and referencing by use of multiple seconds long samples in one track, often for the purpose of parody and education. For more about the transference of history through oral tradition and sampling in Hip Hop, *See* Smith, Patrick M., ""That's the Way We Flow': Hip Hop as Oral Literature" (2016). *Honors Theses*. 177. https://scarab.bates.edu/honorstheses/177.

1

One is the owner of the exclusive copyrights to South Bronx, and the second is that "Life of the Party" ("LOTP") is the "infringing track" (¶ 25). Ye Defendants will expand upon these two elements, through Rule 12(b)(1), and common law, "incorporation by reference." Ye Defendants will present evidence of the currently registered copyright owner publicly declaring that anyone can use any of his work and not be sued for infringement. Further, Ye Defendants will clarify that Ye's released version of Life of the Party currently appears on his November 14, 2021 album DONDA (DELUXE), and does not sample South Bronx at all. Ye Defendants respectfully request that either limited discovery be conducted regarding the Rule 12(b)(1) issue, and/or this Court respectfully grant this present Motion to Dismiss Phase One's Complaint under Rule 12(b)(6) and 12(b)(7).

## BACKGROUND

### A.   Summary of the Complaint

Phase One, incorporated in New Jersey owns, controls and/or administers copyright and/or exclusive rights in and to numerous compositions (¶ 6), filed its Complaint on November 7, 2022, against Ye Defendants. Also named as Defendants are Alex Klein, Stemplayer, LTD, Kano Computing Limited ("Stem Defendants"); Def Jam Recordings, and UMG Recordings, Inc., ("UMG Defendants").

Plaintiff alleges it owns the musical composition and sound recording for the 1987 released song "South Bronx" ("South Bronx") by Boogie Down Productions, through a series of undisclosed "written and legal transfers" (¶ 39), where Plaintiff allegedly acquired 50% interest in the Work, and 100% of the administration rights, and ostensibly acquired the interest in and to the copyright in South Bronx (¶ 40). Plaintiff alleges that the copyrights for South Bronx are registered with the United States Copyright Office. The sound recording was attained three years after the release of South Bronx, and the composition was attained nine years later. They are No. SR 115–448, with an effective date of May 14, 1990; and U.S. Copyright Registration No. PA 764–496, with an effective date of January 1, 1996, respectively (¶ 38) (Decl. Ex. B and C).

Boogie Down Productions had two original members, Lawrence Parker ("KRS-One") and DJ Scott La Rock. The song South Bronx is "an iconic example of the early use of sampling" (¶ 37), noted for its realistic depiction of life in the Bronx (¶ 36).

Ye is a "multimedia artist and entrepreneur" (¶ 7) that Phase One claims infringed on its copyright when Ye sampled allegedly "significant portions" of "horn hits", "melodic figure", and a "drum fill" (¶ 43) from South Bronx, into LOTP. Getting Out Our Dreams II, LLC "maintains authorship and ownership of the copyrights and other properties pertaining to West's musical creations", and G.O.O.D. Music is a record label founded by West in 2004 (¶¶ 6–20).

After creating the derivative work "sometime in 2021", Ye Defendants reached out to Phase One on July 15, 2021, sending it a "formal licensing request…for the use of South Bronx in the Infringing Track, and the communications confirmed that South Bronx had been incorporated into the Infringing Track even though West had yet to obtain such license." (¶ 45). On November 16, 2021, Ye Defendants retracted their license request. (¶ 54).

Despite it never being authorized, LOTP, the alleged "infringing track" was subsequently distributed in one of three ways, or "infringing uses" (1) through Drake's "track leak" (¶ ¶ 46, 48), (2) unidentified party advertisements, and (3) Stem Defendants' release of the Stem Player that allegedly contains the "infringing track." (¶ ¶ 30, 31, 32, 47–51, 56–58). While the Complaint does not allege Ye Defendants released the infringing track themselves, it alleges that Ye Defendants took pre-orders for the Stem Player with the intent to distribute the infringing track, and intentionally orchestrated Drake's leaking of the track in order to provide access to unidentified third party "social media influencers" advertisements. (¶¶ 46–51, 57). It concludes that Ye Defendants participated, directed, and profited from the Drake, Stemplayer, and third-party advertisers' infringements, and all named Defendants (this does not include Drake or third party advertisers, who are not named as a defendants) willfully, contributorily, and vicariously (¶¶ 1, 26, 60, 70, 72, 73, 75, 80, 84, 92, 94, 95) infringed on Phase One's copyright without its authorization or permission (¶¶ 64, 65) and that as a result, Phase One was harmed. (¶ 71).

### B.   Relevant Procedural History

An AO 121 Form Copyright "Report on the Filing or Determination of an Action or Appeal Regarding a Copyright" was filed on November 9, 2022 (Decl. Ex. D), two days after filing this Complaint. It listed "Lawrence Parker, Scott La Rock" under Author of subject SR 115–448, and PA 764–496. On February 28, 2023, a Notice of Voluntary Dismissal was issued pursuant to Rule 41(a)(1)(A)(i) as to UMG Defendants. (Decl. Ex. E). A Certificate of Default was issued as to Stem Defendants on May 16, 2023. (Decl. Ex. F). No further action has been taken by Plaintiff with regards to the Stem Defendants default. Certificates of Default were issued against Getting Out Our Dreams II, LLC, on January 11, 2023, and Ye Defendants on March 8, 2023. On March 15, 2023, Plaintiff and Ye Defendants entered a Stipulation whereby the certificates of default were removed, and Ye Defendants accepted service and the jurisdiction of this Court. (Decl. Ex. G). Scheduling Conferences for ongoing discovery were held before Magistrate Judge Parker on April 3, and May 17, 2023.

### LEGAL ARGUMENTS

### I.   PLAINTIFF LACKS ARTICLE III STANDING

### A.   RULE 12(b)(1) STANDARD OF REVIEW

Article III standing must be established, not just pleaded, in order to give a federal court the authority to exercise federal question jurisdiction. *See All. For Envtl. Renewal, Inc. v. Pyramid Crossgates Co.*, 436 F.3d 82, 86 n.4 (2d Cir. 2006). "Plaintiff has the burden of establishing a qualifying ownership interest both as a substantive element of the infringement claim and as a necessary predicate for standing to bring the claim." *DRK Photo v. McGraw-Hill Glob. Educ. Holdings, LLC*, 870 F.3d 978, 986 (9th Cir. 2017). "On a motion to dismiss for lack of standing pursuant to Rule 12(b)(1), the standard of review depends on whether the defendant brings a 'facial' challenge 'based solely on the allegations of the complaint,' or a 'fact-based challenge' proffering evidence beyond the [p]leading." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47,

56–57 (2d Cir. 2016). Ye Defendants bring a factual challenge to Plaintiff's subject matter jurisdiction.[2] In a factual challenge, the pleadings on the Rule 12(b)(1) issue, need not be inferred favorably for Plaintiff. *See Parker-Leon v. Middle Vill. Preparatory Charter Sch.*, 2019 WL 2394211, at *2 (E.D.N.Y. June 6, 2019) (explaining that "jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it") (quoting *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998)). To ascertain the facts in question, the Court can either (1) direct parties to engage in limited discovery on the procedural issue, followed by resolution on motion supported by affidavits, or (2) if a genuine dispute of material fact exists, the Court may conduct a hearing limited to Article III standing. *See Cantinieri v. Verisk Analytics, Inc.*, 2023 U.S. Dist. LEXIS 56965, at *5–6 (E.D.N.Y. March 31, 2023).

### B.   YE DEFENDANTS' EVIDENCE REBUTS PLAINTIFF'S ALLEGATION OF EXCLUSIVE COPYRIGHT OWNERSHIP

The Copyright Act bestows on the owner of a copyright certain exclusive rights, including the rights to reproduction, preparation, distribution, public performance, and importation. (17 U.S.C. §§ 106(1)–(3), 17 U.S.C. § 602(a)). To bring a complaint under the Copyright Act, only the "legal or beneficial owner of an *exclusive* right under a copyright has standing to sue for infringement of that right." (17 U.S.C. § 501(b)) (emphasis added). *See John Wiley & Sons, Inc. v. DRK Photo*, 882 F.3d 394, 405 (2d Cir. 2018). Where plaintiff lacks standing "the district court [does] not have subject matter jurisdiction and dismissal [is] appropriate" under Rule 12(b)(1). *See Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136 (9th Cir. 2003). Defendants can introduce evidence outside the pleadings when challenging subject matter jurisdiction under

---

[2]     Ye Defendants also allege that Plaintiff fails to state a claim for statutory standing, but such is discussed *Infra* § III. B. 1.

Rule 12(b)(1) (*See Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1296 (10th Cir. 2003)).

Ye Defendants are introducing this new fact, outside of the pleadings, challenging Plaintiff's

purported ownership of the copyright.

It is well known amongst followers of hip hop that KRS-One[3] of Boogie Down Productions,

who is listed as the author and owner of the registration of copyright (Decl. Ex. B), has publicly

stated that he has given his ownership of copyright to any and all Masters of Ceremonies

("MCs") for use of any and all of his works. In the 2006 documentary "The Art of 16 Bars"

(Decl. Ex. K), KRS-One emphatically states on camera:[4]

> "I give to all MCs my entire catalogue. You will not get sued if you sample a
> KRS-One record or do an interpolation of my lyrics, anything. My entire
> catalogue is open to the public."

Where there is new evidence that rebuts an allegation of standing, such is a factual attack as

to jurisdiction. Where Defendants present new evidence in support of their motion to dismiss

under Rule 12(b)(1), "the district court will need to make findings of fact in aid of its decision."

*Carter v. HealthPort Techs., LLC*, 822 F.3d at 57; *Zurich Am. Life Ins. Co. v. Nagel*, 2022 U.S.

Dist. LEXIS 135044, at *2 (S.D.N.Y. March 14, 2022). Here, this fact, that as early as 2006,

KRS-One, the owner named in the copyright, has publicly abandoned, or has granted non-

exclusive licenses, is sufficient to rebut Phase One's alleged ownership in an exclusive license.

*"Generally speaking, the presumption of validity may be rebutted '[w]here other evidence in the

record casts doubt on the question.'" See Fonar Corp. v. Domenick*, 105 F.3d 99, 104 (2d Cir.

---

[3]   Plaintiff copies from Wikipedia that "Boogie Down Productions' unconventional combination of dancehall reggae and hip hop, led to the creation of 'gangsta rap'"( ¶ 37.). *See* https://en.wikipedia.org/wiki/ Boogie_Down_Productions. Such correlation between the two is inapposite. KRS-One on the Arsenio Hall Show explains his position on "gangsta rap": "The title 'gangsta rap' doesn't really even exist, because real gangsters don't rap. I would go more into the idea of gangster record companies. The real gangsters out here are the ones who own the gangster rapper." https://www.youtube.com/watch?v=vcjhabq5FT4, visited on June 19, 2023.

[4]   https://www.youtube.com/watch?v=uClckZKd2bQ, last visited June 21, 2023. The statement is made at the 12:15 mark, and runs until 12:28 mark. A copy of the official DVD will also be provided to the Court and Phase One, as part of Marashi Declaration, Exhibit K.

1997) (quoting *Durham Indus., Inc. v. Tomy Corp.*, 630 F.2d 905, 908 (2d Cir. 1980)) Plaintiff must affirmatively demonstrate it is the owner of the copyrights for South Bronx, rather than KRS-One, MC's around the world, or the world in general.

The Second Circuit is rightfully cautious when scrutinizing jurisdictional versus contractual issues under Rule 12(b)(1) analysis, *See SM Kids, L.L.C. v. Google L.L.C.*, 963 F.3d 206, 211 (2d Cir. 2020). Here, Ye Defendants do not have a contractual relationship with Phase One. Phase One is claiming to have standing in federal court via the Copyright Act (¶ ¶ 1–2), it does not allege facts that demonstrate that it has been assigned or transferred the copyright, only the conclusory statement that it does in fact own it. (¶ ¶ 6, 39–40).[5] Ye Defendants are challenging that standing by bringing forth evidence that the rights were given away by the owner listed on the copyright.

KRS-One's public statement calls into question the exclusivity of Plaintiff's ownership and the timeline and transfer of it. While generally, Courts in the Second Circuit do not require a complaint to "allege an unbroken chain of title to the rights at issue" *See Gym Door Repairs, Inc. v. Young Equip. Sales, Inc.*, 206 F. Supp.3d 869, 894 (S.D.N.Y. 2016). At the motion to dismiss stage, "an assignee may assert a claim . . . that occurred after the transfer as long as he plausibly alleges that he received the copyright through a valid transfer and was the copyright owner during the alleged infringement." *Hutson v. Notorious B.I.G., L.L.C.*, No. 14-cv-2307 (RJS) 2015 WL 9450623, at *3 (S.D.N.Y. Dec. 21, 2015). However, here, where there is a basis for the challenge, Plaintiff must affirmatively demonstrate its ownership. *See LEGO A/S v. Best-Lock*

---

[5]     While Plaintiff alleges 1990 and 1996 to be the year of copyright registrations for the "sound recording and composition copyrights" (¶ 38), Phase One does not specifically allege such was obtained a decade after the 1986 release of the track South Bronx. *See Island Software & Comput. Serv. v. Microsoft Corp.*, 413 F.3d 257, 261 (2d Cir. 2005) (district courts are entitled to take judicial notice of federal copyright registrations, as published in the Copyright Office's registry). The Copyright Act also provides that a "certificate of a [copyright] registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright." 17 U.S.C. § 410(c). If the certificate of registration is not obtained within five years of first publication, the work is not entitled to the statutory presumption of validity and the "evidentiary weight to be accorded the certificate . . . shall be within the discretion of the court." *See CJ Prods. LLC v. Snuggly Plushez LLC*, 2011 U.S. Dist. LEXIS 4983, at *6–8 (E.D.N.Y. Aug. 22, 2011). Courts do not grant such presumption of validity where, as here, the copyrighted subject was released prior to the statutory date of automatic copyright protection-February 28, 1989-and is unclear whether it was copyright noticed.

*Constr. Toys, Inc.*, 404 F. Supp.3d 583, 605 (D. Conn. 2019); *see also Yvonne Mart Fox v. Iowa Health Sys.*, 399 F. Supp.3d 780, 791 (W.D. Wis. 2019) (holding that if a defendant puts forth evidence that challenges standing as a factual matter, then the burden shifts to the plaintiff to come forward with evidence asserting its standing).

Ye Defendants properly challenge Phase One's conclusory claim to ownership of the asserted copyrights. Phase One therefore bears the burden of presenting evidence of its proper ownership, in contrast to KRS-One's dedication of the copyrights to the public at large. Failing to do so, Phase One's complaint should be dismissed with prejudice. Alternatively, limited discovery of this issue can be undertaken, after which if Plaintiff cannot affirmatively demonstrate this chain of ownership, the present case must be dismissed with prejudice. *See Katz v. Donna Karan Co., L.L.C.*, 872 F.3d 114, 121 (2d Cir. 2017).

## II.   YE DEFENDANTS' CREATION OF NEW WORK CONSTITUTES AS FAIR USE

### A.   FAIR USE AT MOTION TO DISMISS

According to the US Copyright Office Fair Use Index Website, "Fair use is legal doctrine, that promotes freedom of expression, by permitting the unlicensed use of copyright protected works in certain circumstances. 17 U.S.C. § 107 provides the statutory framework for determining whether something is fair use."[6] Such determination is made by a four-step balancing test: (1) the purpose and character of the use; (2) the nature of the copyrighted work; (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and (4) the effect of the use upon the potential market for or value of the copyrighted work.

While it is uncommon for Courts in this Circuit to make rulings of fair use on a Motion to Dismiss, they will do so where the facts are undisputed. *See TCA Television Corp. v. McCollum,*

---

[6]   https://www.copyright.gov/fair-use/, last visited June 22, 2023.

839 F.3d 168, 178 (2d Cir. 2016) ("[T]his court has acknowledged the possibility of fair use being so clearly established by a complaint as to support dismissal of a copyright infringement claim." *Nicklen v. Sinclair Broad. Grp., Inc.*, 551 F. Supp.3d 188, 199 (S.D.N.Y. 2021). It is affirmative defense, and therefore Defendant bears the burden of showing that a given use is fair. *See Authors Guild v. Google, Inc.*, 804 F.3d 202, 213 (2d Cir. 2015). "In addition to the text of the complaint, the Court may consider documents attached as exhibits, incorporated by reference, or that are "integral" to the complaint. *DiFolco v. MSNBC Cable LLC*, 622 F.3d 104, 111 (2d Cir. 2010). In a copyright infringement action, "the works themselves supersede and control contrary descriptions of them" contained in the pleadings or elsewhere. *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010). *See* also *McDonald v. West*, 138 F. Supp.3d 448, 453 (S.D.N.Y. 2015). Here, the specific facts necessary for the Court to make its determination on the application of Fair Use are not being disputed.

As posited (*Supra* § Preliminary Statement), a second element of Plaintiff's alleged facts that have not been sufficiently alleged in its Complaint, but being integral to the Complaint, and through its incorporation by reference to the track LOTP, can be introduced. LOTP is currently available as track number four, on Ye's November 14, 2021, released album DONDA (DELUXE). After several months of negotiations that did not conclude in an agreement with Phase One (¶¶ 52–54)- Ye Defendants removed any and all of the alleged infringement from the track LOTP before releasing it.

Ye Defendants had use portions of Boogie Down Productions' track South Bronx in its track LOTP while it was experimenting with South Bronx, during the creation of LOTP- and Ye Defendants did so with the intention of getting clearance before its release, This is evidenced by Plaintiff's own allegations regarding the July- November 2021 communications between Ye Defendants' clearance agent, and Phase One. (¶ ¶ 45, 52–54). It is confusing that Phase One does not explain this distinction when referencing the "Infringing Track." It makes it difficult to understand the allegations of the complaint. (*See Infra* § III. B. 1.).

9

Plaintiff is alleging that the use of the South Bronx track while Ye Defendants were experimenting with it, and "creating the track"- was *ipso facto* infringement. (¶ 42). Specifically, Plaintiff contends that Ye Defendants violated its exclusive right to create derivative works, when "Defendant West and GOOD II used and copied portions of Plaintiff's copyrighted work, South Bronx, to create a derivate work, the Infringing Track, without Plaintiff's permission" (¶ ¶ 25, 63–68).

> **1. Fair Use Application for Ye Defendants' Use of South Bronx for the Purpose of Artistic Experimentation is Covered by Copyright Policy and Case Law.**

The issue of whether fair use extends to Ye Defendants use of derivative work during experimentation, is a matter that has been decided in the Ninth Circuit, and is recommended as controlling precedent under horizontal stare decisis and/or comity. In *Chapman v. Maraj*, 2020 U.S. Dist. LEXIS 198684 (C.D. Cal. Sept. 16, 2020), the district court held "[Defendant]'s creation of the new work for the purpose of artistic experimentation and to seek license approval from the copyright holder does not infringe [Plaintiff]'s right to create derivative works." *Id.* at *33. In *Chapman*, Plaintiff song writer and performer Tracy Chapman, was the exclusive copyright owner who had, despite several attempts by the defendant, explicitly denied the defendant a license to sample her work. As a result of Chapman's denial, defendant did not release her track containing Chapman's work. A third-party radio show DJ was able to obtain the unreleased copy, as, purportedly, files containing famous artist's works are sought by hackers, and obtained by them for a fee. Defendant's unreleased Chapman infringing version was played during his radio show. Chapman argued, not only was defendant liable for the distribution infringement that occurred as a result of the radio show leak, but also argued, as Plaintiff is arguing here, that defendant's infringement occurred at the time of the use of Chapman's copyright protected track-an analysis separate from the distribution of the track. Chapman argued that the very act of defendant using the track- while Maraj was in the studio, creating the track incorporating Chapman's was derivative, hence, technically an infringement.

The Court applied the four factor fair use test, weighing heavily the first factor, and found experimentation to be the purpose of the use. *Chapman v. Maraj*, 2020 U.S. Dist. LEXIS 198684, at *27–30. The Court applied as evidenced that defendant reaching out to Chapman for a license, proved she had "never intended to exploit the work without a license". The Court held that the lack of intent to exploit the copyrighted work was further evidenced by defendant not releasing the infringing version on her album. The Court applied customary licensing principles providing that "artists usually experiment with works before seeking licenses and rights holders typically ask to see a proposed work before approving a license." *Id.* at *30. The Court agreed that "uprooting . . . [these] common practices would limit creativity and stifle innovation within the music industry." *Id.* Finally, the Court factored the effect on the market for the value of the copyrighted work would not decrease, as "Plaintiff did not offer any support for the market harm, and the Court declines to manufacture any." *Id.* at *33.

Incorporating Plaintiff's own undisputed facts about the creation of the track and contacts between parties for licensing (¶ ¶ 45, 52–54, 65, 66), Ye Defendants' use of the derivative work during experimentation has been established by legal authority in *Chapman* as weighing in favor of factor one, (i), for Ye Defendants' fair use analysis. The Second factor, (ii), is not disputed, and it is that the work is a public work that the creator Boogie Down Productions released publicly (¶¶ 35, 36) (*Supra* § I.B.). For factor (iii), the amount and substantiality of the portion used in relation to the work, Plaintiff has not pled facts regarding the infringement with particularity (*See, Infra* § III. B. 1.). However, the track itself, as it appeared pre and post release can be incorporated by reference, and this Court can hear the *de minimus* nature of the use by listening to it, and comparing the versions with each other, and also with South Bronx. (Decl. Ex. H, I, and J) (*Infra* § III. A., and n.12)[7] Finally, weighing factor (iv), Plaintiff has pled no facts alleging that the potential market for or value of the copyrighted work has been negatively impacted by this use. Hence, like in Chapman, when no facts were alleged regarding this impact,

---

[7]    In fact, it is so *de minimus* that present counsel, while attempting to locate on which version of the "infringing uses" the alleged infringements occurred (*See Supra* "Procedural History" and *Infra* § III. B. 1) mistakenly opined that "the Stem version is the Donda Deluxe version" (Decl. Ex. E at 2).

the Court weighed it in favor of defendant, citing, that such could not be now manufactured. *See Chapman v. Maraj*, 2020 U.S. Dist. LEXIS 198684, at \*33. In sum, Ye Defendant's use of South Bronx while creating the track and experimenting with it- with the intent to contact the license holder for approval, as evidence by such act, is undoubtedly fair use.[8]

To find otherwise, courts would be inundated with cases where potential copyright users petition the Court for declaratory judgment on an individual basis any time a licensing agreement was not reached, *See Buck v. Hasbro, Inc., Civil Action*, No. 20-cv-03382-WJM-MEH, 2021 U.S. Dist. LEXIS 254919, at \*11–12 (D. Colo. Apr. 5, 2021) (Plaintiff had used copyrighted images of transformers on his hockey guards, but was denied, brought suit in order to have the court declare that it was not an infringement). It would "[I]nvite transformation of the courts into an audit bureau for copyright licensing, an administrative function that we are hardly designed to serve." *Yamashita v. Scholastic Inc.*, 936 F.3d 98, 105 (2d Cir. 2019).

Copyright owners would still benefit from protection by the courts because their right to distribution of the track would remain. The owner could bring suit against the third-party or hacker hired by a third party. It would penalize the wrong-doer, perpetuating the track leak. Such would protect artists and advance copyright law. Copyright law provides guidance regarding the necessary protection of an artist's creative process, as that was a driving intention behind the copyright act itself. "Publication of an author's expression before he has authorized its dissemination seriously infringes the author's right to decide when and whether it will be made public." *Harper & Row, Publrs. v. Nation Enters.*, 471 U.S. 539, 550–52, 105 S. Ct. 2218, 2225–26 (1985). Here, Plaintiff contends that the experimental use of Ye Defendants, which was made public by the "track leak" (¶ 48), and a request for a license, constitute infringement.

---

[8]     Artists and lay persons would have to stop and check for clearance of copyright before experimenting with a new sample or sound, or risk fines in the hundreds of thousands of dollars. While this would benefit license holders, leveraging licensing fees at the average rate of approximately \$10,000 per license, (this compared to an approximate \$25 license to cover a song), it would choke art. *See also* Samantha Ross, "Sorry," But I Didn't Release It: How the Court's Analysis of the Fair Use Doctrine in *Chapman v. Maraj* Protects Innovation and Creativity in the Music Industry, 30 U. MIA Bus. L. Rev. 239 () Available at: https://repository.law.miami.edu/umblr/vol30/iss3/4

Plaintiff does not, however, contend that subsequent use of copyrighted material occurred. Where Plaintiff fails to allege infringement after this exploratory, fair use period, Plaintiff has not met its pleading burden.

### III. DISMISSAL PURSUANT TO RULE 12(b)(6) PLAINTIFF FAILS TO STATE A CLAIM AGAINST YE DEFENDANTS

#### A. RULE 12(b)(6) STANDARD OF REVIEW

A dismissal for failure to state a claim upon which relief can be granted under Rule 12(b)(6) can be based on one or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Rule 8(a)(2), which is properly brought by a motion under Rule 12(b)(6); or (2) a challenge to the legal cognizability of the claim under Rule (b)(6)," *See* Wright & Miller, Fed. Prac. & Proc. § 1355 (3d ed. 2021). *See also Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) (distinguishing between a failure to meet Rule 12(b)(6)'s requirement of stating a cognizable claim and Rule 8(a)'s requirement of disclosing sufficient information to put defendant on fair notice). A motion to dismiss under Rule 12(b)(6) tests the sufficiency and plausibility of plaintiffs' allegations *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007); *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pleading standards are designed to dismiss complaints such as this one containing "legal conclusions couched as a factual allegation." *See id.* at 662, 678–79, 129 S. Ct. 1937, 1950 (2009). "When the well-pleaded facts 'do not permit the court to infer more than the mere possibility of misconduct,' the court must grant a motion to dismiss. *Id.* at 679; *See also id.* at 678, 129 S. Ct. 1937." *Yamashita*, 936 F.3d at 104. A complaint that "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. *Iqbal*, at 678 (quoting *Twombly*, at 557). Rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . ." *Id.* at 555. A complaint should be dismissed where a plaintiff has not "nudged [its] claims across the line from conceivable to plausible[.]" *Id.* at 570.

The pleading standards under Rule 8's, fair notice requirement in a copyright case in the Second Circuit are articulated in *Kelly v. L.L. Cool J.*, 145 F.R.D. 32 (S.D.N.Y. 1992) *See Energy Intel. Grp. Inc. v. Jeffries, LLC*, 101 F. Supp.3d 332, 338 (S.D.N.Y. 2015) (observing that the Southern District of New York applies "the *Kelly* court's four-prong test to determine whether a claim of copyright infringement satisfies the requirements of Rule 8"); "[t]o withstand a motion to dismiss, a complaint based on copyright infringement must allege: (i) which original works are the subject of the copyright claim; (ii) that the plaintiff owns the copyrights in those works; (iii) that the copyrights have been registered in accordance with the statute; and (iv) by what acts during what time the defendant infringed the copyright." *BWP Media USA, Inc. v. Hollywood Fan Sites, L.L.C.*, 69 F. Supp.3d 342, 353 (S.D.N.Y. 2014).

Courts in this District consider audio files in Rule 12(b)(6) contexts and can do so here. For a collection of cases, *See West*, 138 F. Supp.3d at 448, 453, Including: *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–53 (2d Cir. 2002); *See also Bay Harbour Mgmt. LLC v. Carothers*, 282 F.App'x 71, 76 (2d Cir. 2008); *Rapoport v. Asia Elecs. Holding Co.*, 88 F.Supp.2d 179, 184 (S.D.N.Y. 2000). *See also Pickett v. Migos Touring, Inc.*, 420 F. Supp.3d 197, 206 (S.D.N.Y. 2019) (granting dismissal and observing that "when evaluating whether there is substantial similarity between the defendant's work and the protectable elements of the plaintiff's work, 'no discovery or fact-finding is typically necessary, because what is required is only a . . . comparison of the works'"). As cross-referenced (*Supra* § II. B.), Defendants have annexed the recordings of each work to the Declaration of Poupa Jenny Marashi submitted herewith.

## B.   PLAINTIFF FAILS TO STATE A CLAIM AGAINST YE DEFENDANTS FOR COPYRIGHT INFRINGEMENT

### 1.   Plaintiff's Failure To Give Fair Notice to Ye Defendants for Copyright Infringement Under Rule 8 is Detrimental to its Claims.

From the outset of the factual allegations, Plaintiff (¶ 25) specifies South Bronx by Boogie Down Productions, a track which Plaintiff admits is "an iconic example of early use of

sampling" (¶ 36) to be the original work. As to the infringing track, Phase One only references "Life of the Party" as the "infringing track" ignoring that there exists multiple different versions of LOTP as part of the "infringing uses"(via Stemplayer, Drake release, and advertisements)(¶¶ 25, 42, 45, 46–52, 55–57, 64–69), and as explained (*Supra* II. B.), even a non-infringing version!

Where the work is itself made up of many samples, and Plaintiff admits South Bronx to be an iconic example of sampling (¶ 38), the onus is on Plaintiff to identify which portions are protectable and infringed. *See, West*, 138 F. Supp.3d at 454 "(N)ot every aspect of every creative work is protected by copyright. The law regulates only the copying of the plaintiff's <u>original expression</u>." (emphasis in original). Copyright protection extends only to those components of the work that are original and non-trivial. As such, if properly identified, Ye Defendants can overcome such presumption by demonstrating that the aforementioned elements, are not owned by Plaintiff. *See e.g. VMG Salsoul, LLC v. Ciccone*, 2013 U.S. Dist. LEXIS 184127, at *17–19 (C.D. Cal. Nov. 18, 2013), or are *de minumus*, *See Gayle v. Allee*, 2021 U.S. Dist. LEXIS 6756, at *30 (S.D.N.Y. Jan. 13, 2021).

Though copyright protection expressly may extend to derivative works "employing preexisting material in which copyright subsists," the statute cautions that protection "does *not* extend to any part of the work in which such material has been used *unlawfully*." 17 U.S.C. § 103(a), *see Keeling v. Hars*, 809 F.3d 43, 49 (2d Cir. 2015). When Courts review the materials, they too, when confronted with works that have both protectable and unprotectable elements, must be especially discerning, and "attempt to extract the unprotectible elements from ... consideration and ask whether the protectible elements, standing alone, are substantially similar." *Peter F. Gaito Architecture, LLC*, 602 F.3d at 66 (quoting *Knitwaves, Inc. v. Lollytogs Ltd. (Inc.)*, 71 F.3d 996, 1002 (2d Cir. 1995). See, *Walkie Check Prods., LLC v. Viacom CBS Inc.*, 2022 U.S. Dist. LEXIS 113357, at *18 (S.D.N.Y. June 27, 2022)).[9]

---

[9]    Further, even the Copyright office itself goes to great lengths to distinguish between the protected and unprotected elements in a work. The Compendium § 802.6(A) for Permission to Use Preexisting Material states, "Musical works that unlawfully employ a work that is protected by copyright are not subject to copyright protection

As already noted, there have been multiple alleged uses of the South Bronx track. Plaintiff does not give fair notice about the acts of infringement in its Complaint, as it does not make specific allegations clarifying whether LOTP as released by Drake, Stem Defendants, or "Third Party Advertisers" are the same track, or slightly different, and, most importantly, if they are different, where the infringement, according to Plaintiff, occurs. This is imperative, as Plaintiff contends that LOTP is the infringing track- but, as already established, there exists a non-infringing track. The Complaint's bare-bones description of the "exact reproduction" as merely "horn hits", "a melodic figure" and "a drum fill" (¶ 43 a-c.) does not give sufficient notice to Ye Defendants. (*See Supra* § II.) It will become a problem especially pronounced during discovery. How do the Ye Defendants investigate the allegations? How do they identify responsive materials and witnesses when they are uncertain to which version the Plaintiff is referring? Even more, are the Ye Defendants expected to provide to Plaintiff each studio iteration of the song, so Plaintiff can try to find an infringement in presently unidentified third party advertisements? Courts do not permit "so few factual allegations it is nothing more than a fishing expedition[,] [and] Rule 8 does not permit such aimless trawling". See, *Bald Hill Builders, LLC v. 2138 Scuttle Hole Rd. Realty, LLC*, 2017 U.S. Dist. LEXIS 135243, at *9 (E.D.N.Y. Aug. 23, 2017). The law requires a plaintiff to identify each instance of infringement with specificity, otherwise such a pleading fails to give the defendants notice of how it purportedly violated the law. "For example, in *Palmer Kane LLC v. Scholastic Corp.*, 2014 U.S. Dist. LEXIS 44881, at *3 (S.D.N.Y. Mar. 31, 2014), the court dismissed the plaintiff's copyright claim because plaintiff failed to sufficiently plead *which* specific original photographs were the subject of plaintiff's claim; the complaint simply contained an allegedly non-exhaustive list of the photographs at issue." *The Paul Rudolph Found. v. Paul Rudolph Heritage Found.*, 2022 U.S. Dist. LEXIS

---

if they are inseparably intertwined with the preexisting work. *Id.* § 103(a); S*ee also* H.R. REP. NO. 94-1476, at 57-58 (1976), *reprinted in* 1976 U.S.C.C.A.N. at 5670-5671; S. REP. NO. 94-473, at 54-55 (1975)." *See Lieb v. Korangy Publ'g, Inc.*, 2022 U.S. Dist. LEXIS 69510, at *30 (E.D.N.Y. Sept. 30, 2016). (The Compendium advises the applicant that their registration must be limited to exclude from their claim work that was previously published. It specifically defines "unclaimable material" as "previously published material." Compendium 17 U.S.C. § 621.1 (emphasis added). It is not clear from the allegations if that was done here. For South Bronx's heavily sampled work, by Phase One's own admission, such notice is dispositive, and hence required.

162451, at *19–20 (S.D.N.Y. Sept. 8, 2022)). Plaintiff does not specify what section, which chords, what percentage, and how frequently the alleged infringement appears, even in the three formats in which it claims contain the "infringing track." See, *Hines v. W Chappell Music Corp.*, 2021 U.S. Dist. LEXIS 107398, at *8–9 (S.D.N.Y. June 8, 2021).

Such vague pleading also impedes the speedy resolution/disposition of the case. Can the Court, let alone the Ye Defendants, determine on this motion to dismiss be able to isolate whether the use of South Bronx is *de minimus*, based on the pleadings?[10] How about if it is original? Many cases are disposed of through case law where allegations are specific as to infringements. *See eg, Swirsky v. Carey*, 376 F.3d 841, 851 (9th Cir. 2004)."Defendants may overcome this presumption by demonstrating that the Horn Hit is not original." As such, the Ye Defendants may be able to dismiss this entire case if Plaintiff will identify what, in fact, is the alleged infringement – which version and where.

### 2.  Claims against Getting Out Our Dreams II, LLC, and G.O.O.D. Music Must Be Dismissed for Failure to Allege Involvement

The Complaint does not plead sufficient allegations against Getting Out Our Dreams II, LLC, and G.O.O.D. Music. Instead it lumps them into "West Parties." The claims must be dismissed due to the insufficiency of allegations establishing personal involvement. For a collection of cases see, *Ying Li v. City of N.Y.*, 246 F. Supp.3d 578, 600 (E.D.N.Y. 2017) *Zurich Am. Ins. Co. v. Dah Sing Bank, Ltd.*, 2004 WL 1328215, at *6 (S.D.N.Y. June 15, 2004) (dismissing claims against one defendant bank where plaintiff did not put forth "a single factual allegation" but instead "lump[ed] the three bank defendants together and assert[ed] that they collectively processed the checks"); *Hernandez v. Goord*, 312 F.Supp.2d 537, 548 (S.D.N.Y. 2004)

---

[10]     The pleadings fall so below the Rule 8 threshold perhaps Plaintiff itself does not know where the infringements occur. At the May 17th status conference, in response to Ye Defendants' request for more particularized allegations as to the location of the infringement, Judge Parker ordered parties to meet and Plaintiff's counsel "play back' the alleged infringements. However, such proved puzzling as sections of the song that were on the not infringing version were also identified. Ye Defendants reserve their right for a *de minimus* Rule 8 inquiry when facts have been pleaded giving Ye Defendants sufficient notice. A time stamp, with the duration of the infringement- would not only benefit present Defendant, but would assist the Court in an equitable resolution, saving time and financial resources.

(dismissing individual defendants who were merely listed at the beginning of the complaint and were never connected in the complaint to any particular adverse action); *see also S.B. v. City of New York*, 2016 WL 4530455, at *13 (E.D.N.Y. Aug. 29, 2016)) (dismissing claims where the complaint did "not even directly name any of the defendants or allege the particular actions they undertook" (citation omitted)); *Atuahene v. City of Hartford*, 10 F.App'x 33, 34 (2d Cir. 2001) ("By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, [the] complaint failed to satisfy this minimum standard" required by Rule 8.)*.*

### 3.   Plaintiff's Complaint Fails to Plead Contributory and Vicarious Infringement Against Ye Defendants

While convoluted, it appears Phase One claims that Ye Defendants infringed on its allegedly exclusive rights in three ways: (1) Directly, when Ye Defendants created the new work, reproducing it without Phase One's permission (¶¶ 64–68); and (2) Contributory, when Ye Defendants "included the infringing track" on the Stemplayer, distributing it (¶ 80), and "reproducing" (¶ 32, 34), "distributing and performing the track" through Drake, and Third Party Advertisers (¶ 81), and (3) vicariously, when it allegedly profited from the actions of "Defendants."

As an initial matter, where defendants successfully invoke the doctrine of Fair Use, courts in this district will dismiss claims of contributory or vicarious infringement. See*, Brown v. Netflix, Inc.*, 462 F. Supp.3d 453, 464 (S.D.N.Y. 2020), referencing *Faulkner v. Nat'l Geographic Enters.*, 409 F.3d 26, 40 (2d Cir. 2005). However, given the novelty of Plaintiff's allegation in this Circuit- such application may not be *sine qua non*. *Chapman*, is again instructive. There, the claim of contributory infringement as to distribution of the work remained despite finding fair use as a matter of law. In contrast here, Plaintiff has not met the pleading for such showing. As to the Drake Release and third-party advertisers "infringing uses", Plaintiff merely pleads one paragraph as to each, absent of any allegation of "substantial participation" by Ye Defendants.

"Participation [by the defendant] must be 'substantial.'" *Demetriades v. Kaufmann*, 690 F.Supp. 289, 294 (S.D.N.Y. 1988). A showing of the defendant's substantial participation requires the plaintiff to make "fact-based allegations" that the defendant "authorized, or played [a] part . . . in the alleged infringement." *Warren v. John Wiley & Sons, Inc.*, 952 F.Supp.2d 610, 619 (S.D.N.Y. 2013).

"To establish a claim for contributory copyright infringement, a plaintiff must allege that the defendant 'with knowledge of the infringing activity, induce[d], cause[d], or materially contribute[d] to the infringing conduct of another.'" *Brought to Life Music, Inc. v. MCA Records, Inc.*, 2003 U.S. Dist. LEXIS 1967 (S.D.N.Y. Feb. 11, 2003). Plaintiff alleges that "upon information and belief, portions of the infringing advertisements contain exact copies of South Bronx." (¶ 33). However, it never gives notice as to who made the advertisements and where they are located, or what parts of South Bronx they have copied. "It is not sufficient for a plaintiff to list 'examples' of works that were allegedly infringed and then claim that other, unidentified works were also infringed." *Cole v. John Wiley & Sons, Inc.*, No. 11 Civ.2090(DF) 2012 WL 3133520, at *12 (S.D.N.Y. Aug. 1, 2012). Such a pleading fails to give the (counterclaim) defendant notice of how it purportedly violated the law. *See The Paul Rudolph Found. v. Paul Rudolph Heritage Found.*, 2022 U.S. Dist. LEXIS 162451, at *19–20.

The Complaint's "track leak" pleading is equally paltry and speculative (¶ 48). *See Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the *speculative* level . . . .").[11] Here, there is one paragraph

---

[11]    A simple internet search for "Ye and Drake" will reveal at least 15 million hits, enumerating history between Ye and Drake and hence, the impossible likelihood that Ye had any relationship to the "track leak". *See Speedfit LLC v. Chapco Inc.*, 2016 U.S. Dist. LEXIS 87649, at *15 (E.D.N.Y. June 29, 2016) "The plaintiff should not allege upon information and belief matters that are presumptively within her personal knowledge, unless she rebuts the presumption." *Cain v. Simon & Schuster, Inc.*, 2012 U.S. Dist. LEXIS 92434, at *2 (S.D.N.Y. July 3, 2012). Such matters include those "of public record or matters generally known in the community . . . inasmuch as everyone is held to be conversant with them." *Id.* (quoting *Sanders v. Grenadier Realty, Inc.*, 367 F.App'x 173, 177 n.2 (2d Cir. 2010))."

(¶ 48) with not a fact, only the conclusion "could only have been". Plaintiff never explains why it "could have only been an intentional effort" that Drake leak Ye Defendants' unpublished and experimental version of LOTP. Plaintiff fails to make any allegation as to why it was an intentional effort.

With regards to Stem Defendants, where Plaintiff admittedly pled substantial participation, still a claim has not been sufficiently alleged. "In addition to establishing a defendant's substantial participation, the plaintiff must also demonstrate the defendant's knowledge of the infringing activity." *Wolk v. Kodak Imaging Network, Inc.*, 840 F.Supp.2d 724, 741–42 (S.D.N.Y. 2012), aff'd sub nom. *Wolk v. Photobucket.Com, Inc.*, 569 F.App'x 51, 750 (2d Cir. 2014). "One who 'supplies another with instruments by which another commits a tort, must be shown to have knowledge that the other will or can reasonably be expected to commit a tort with the supplied instrument.'" *Id.* (quoting *Display Producers, Inc. v. Shulton, Inc.*, 525 F.Supp. 631, 633 (S.D.N.Y. 1981)). "The test is whether [the] wrongdoing. might well have been anticipated by the defendant." *Id.* (quoting *Display Producers, Inc.*, at 633). "[O]ne who furnishes a copyrighted work to another but is innocent of any knowledge of the other party's intended illegitimate use will not be liable." *Livnat v. Lavi*, 1998 WL 43221; 1998 U.S. Dist. LEXIS 917, at *3 (S.D.N.Y. Feb. 2, 1998).

Vicarious liability is not premised on knowledge and intent, but rather financial benefit entirely. Plaintiffs have not pled one fact demonstrating Ye Defendants have financially benefited from the "infringing track" as leaked by Drake, or third-party advertisers. Courts do not "accept as true [the] legal conclusion" of a financial benefit, *Lafaro v. N.Y. Cardiothoracic Grp., P.L.L.C.*, 570 F.3d 471, 475–76 (2d Cir. 2009), that allegation "will not suffice to defeat a motion to dismiss," *See Hartmann v. Google, LLC*, 2022 U.S. Dist. LEXIS 41129, at *17–18 (S.D.N.Y. Mar. 8, 2022). Nor, has Plaintiff pled one fact alleging Ye Defendant's ability and right to control the Drake leak infringement or third-party advertisements. Again, Plaintiff's allegations are not specific as to each defendant, or "infringing use", and are conclusory.

### 4.   Plaintiff's Willful Infringement Allegations Against Ye Defendants Must be Dismissed with Prejudice

For a plaintiff to allege "willfulness" under the Copyright Act, they must plead (1) that the defendant was actually aware of the infringing activity, or (2) that the defendant's actions were the result of "reckless disregard" for, or "willful blindness" to, the copyright holder's rights. *See Lipton v. Nature Co.*, 71 F.3d 464, 472 (2d Cir. 1995); *See also Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 112 (2d Cir. 2001) ("Willfulness in this context means that the defendant recklessly disregarded the possibility that its conduct represented infringement."). Willfulness can be decided on the pleadings in a motion to dismiss, See, *Elatab v. Hesperios, Inc.*, 2021 U.S. Dist. LEXIS 103661, at *15 (S.D.N.Y. June 2, 2021).

Plaintiff's convoluted Complaint, is again, impossible to interpret. Armed with little more than the knowledge that Ye Defendants had on July 15, 2021, sought to obtain a license from Phase One for South Bronx, and that on November 16, 2021, two days after the DONDA (DELUXE) release formally retracted the request, once again, concludes "upon information and belief"[12] a series of "intentional" and "willful" language without any substantive allegations. (Complaint ¶¶ 26, 46–51, 57). Plaintiff affirmatively uses "willful" in its complaint only once (¶ 26), in the "facts" portion of the complaint to describe specific conduct, and it was not allegations as to Ye Defendants' conduct, but as to Stem Defendants willful distribution of the track. Read as a whole, with the supplemented knowledge that LOTP was officially released by Ye Defendants, and not infringing, it is impossible to credit that any infringement was willful on the part of Ye Defendants. Ye Defendants reached out to Phase One, affirmatively and directly putting Phase One on notice that they had used South Bronx in their experimental track (¶ 45). When a negotiation was not reached, Ye Defendants removed the infringements and then

---

[12]   The use of "upon information and belief" is asserted in order to state a cause of action, where none exists. *See e.g., Bear Creek Prods., Inc. v. Saleh*, 643 F.Supp. 489, 493 (S.D.N.Y. 1986).

published the track *without any* alleged infringement. That others released versions that were not Ye Defendants does not constitute willful infringement on the part of Ye Defendants, especially in the lack of any allegation otherwise.

Where willful infringement does not exist, this court does not award attorney's fees for innocent copyright infringement. *See, Matthew Bender Co., Inc. v. West Pub. Co.*, 240 F.3d 116 (2d Cir. 2001) ("We do not agree that this is a proper basis for an award of attorneys' fees under the Copyright Act") and *Warner Bros., Inc. v. Dae Rim Trading, Inc.*, 677 F.Supp. 740 (S.D.N.Y. 1988) ("Considerations which justify the denial of fees may include . . . the defendant's status as innocent, rather than willful or knowing, infringer . . . the defendant's good faith attempt to avoid infringement." Phase One's omission of facts relieving Ye Defendants against claims for willful infringement, should not be awarded.

## IV.   DISMISSAL PURSUANT TO RULE 12(b)(7)

### A.   RULE 12(b)(7) STANDARD OF REVIEW

A Rule 12(b)(7) motion is similar to Rule 12(b)(6) or 12(c) motions, where plaintiff's alleged facts must be accepted as true, and inferences drawn in their favor. "In deciding a motion pursuant to Rule 12(b)(7), a court may consider evidence outside the pleadings." *Tross v. Ritz Carlton Hotel Co., LLC*, 928 F.Supp.2d 498, 507 (D. Conn. 2013).

### B.   RULE 12(b)(7): Plaintiff Failed to Join A Necessary Party

If the Court finds that Plaintiff has pled claims against Ye Defendants for its alleged actions in regards to the "Drake leak" and the "third-party advertisers" (¶ ¶ 48, 51). Then, they, as Stem Player Defendants have been, are also required parties, and should be joined as necessary parties. An action must be dismissed, under Rule 12(b)(7) for failure to join a required party under Rule 19, for failure to join a necessary party. Of significant import here is, Rule 19(b)(2) "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest". There is a test which establishes a two-step test for such

determinations. (1) Whether an absent party is "necessary", *See Viacom Int'l v. Kearney*, 212 F.3d 721, 724 (2d Cir. 2000). If the absentee *is* a required party who cannot be joined for jurisdictional or other reasons, then the court must determine (2) whether the absentee is indispensable under Rule 19(b). If the absent party is indispensable, the action should be dismissed. Insofar Plaintiffs are alleging that the contributory or vicarious infringement are based on the September 2, 2021, actions related to the "track leak" and its "advertisements" by another artist, then he, Sound 42 Sirius XM Radio show, and Sirius XM and whoever created the alleged derivative advertisements containing the track leak must necessarily be joined as Defendants. Otherwise, this action should be dismissed.

## CONCLUSION

> "U.S. Const. art. I, § 8, cl. 8 (establish[ed] congressional power "[t]o promote the Progress of Science and useful Arts, by securing for limited Times to Authors and Inventors the exclusive Right to their respective Writings and Discoveries")… an action for infringement is not simply one for a readily ascertainable debt for a sum certain: copyright infringement claims are multifaceted and complex." *John Wiley & Sons, Inc. v. DRK Photo*, 882 F.3d at 405.

Part and parcel of human search for freedom, is its expression through the process of creation. It is a private process that Copyright Law has identified and protected. In a hyper monetized society where skills are traded, and the soil tilled for profit, the drafters of the Constitution mindfully delegated to Congress, through I, § 8, cl. 8, the power to reward and encourage artistic pursuits and scientific progress. Phase One incorrectly interprets the law in its commitment to profit from the art it claims to own. Even if Phase One amends its complaint to address the enumerated deficiencies- it is only left with allegations of unintentional and *de minimus* infringement. It can hardly be imagined that this was the creative expression the Copyright Act had set out to protect. Those who benefit from these hyper-technical nuances, are paid by the hour lawyers and coveting business owners paying lawyers to get them possession of

what does not belong to them. Such is not stealing. It is legally acquiring. As Anatole France wrote in the RED LILY, "The law, in its majestic equality, forbids the rich and poor alike, to sleep under bridges, to beg in the streets, and to steal bread."

Hip Hop has a long tradition of transferring information through sound. Telling a story through the incorporation of sampling, just as a memorandum of law draws on precedence. KRS-One, in his prophetic 1989 editorial in the *New York Times* "A Survival Curriculum for Inner-City Kids," wrote "Rap music, stigmatized by many as mindless music having no artistic or socially redeeming value, can be a means to change." Thirty-five years later despite such stigma, including in Hip Hop's use of sampling, KRS-One's words ring true. To quote "Life of the Party":

"Just like Puff told Christopher, we gon' win big…Get off your knees and let's get free. Really, I mean, really."

MARASHI LEGAL

Respectfully submitted,

Dated: June 23, 2023                         By: _____

P. Jenny Marashi, Esq.
930 Grand Concourse, #1E
Bronx, NY 10451
(917) 703-1742
marashi.legal@gmail.com

*Attorney for Ye Defendants*

## CERTIFICATE OF SERVICE

I, Jenny Marashi, hereby certify that on June 23, 2023, a true and correct copy of the

foregoing **Defendants' Memorandum of Law in Support of their Motion to Dismiss**

**Plaintiff's Complaint** was electronically filed through the CM/ECF system and was thereby

automatically served on all registered parties.

MARASHI LEGAL

Respectfully submitted,

Dated: June 23, 2023      By:   /s/ Jenny Marashi

P. Jenny Marashi, Esq.
930 Grand Concourse, #1E
Bronx, NY 10451
(917) 703-1742
marashi.legal@gmail.com

*Attorney for Ye Defendants*