UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
   PHASE ONE NETWORK, INC,

                                Plaintiff,                                **22-CV-9511 (DEH) (KHP)**

                -against-

   YE f/k/a KANYE WEST d/b/a YEEZY TECH, et al.,                                <u>ORDER</u>

                                Defendants.
-----------------------------------------------------------------X

**KATHARINE H. PARKER, United States Magistrate Judge:**

      This action concerns copyright infringement claims against YE f/k/a KANYE WEST d/b/a "Yeezy Tech" ("West"), GETTING OUT OUR DREAMS II, LLC ("GOOD II") and G.O.O.D. Music ("Good Music"), collectively ("Defendants"), for their alleged misuse of music samples from a song, "South Bronx" by Boogie Down Productions, in which Plaintiff Phase One Network Inc., ("Plaintiff") has an alleged 50% right to title and interest in the work.  On February 01, 2024, Plaintiffs filed a joint letter containing their First Amended Complaint ("FAC") with a related motion to seal the unredacted FAC on behalf of the Defendants.  (ECF Nos. 123 & 127.)  On February 26, 2024, non-party UMG Recordings, Inc. ("UMG") filed its own motion to seal the FAC to preserve redactions on a different portion of the FAC than those identified by Defendants.

      The Court now addresses both motions together. For the reasons stated below, the motions to seal are granted in part and denied in part.

### LEGAL FRAMEWORK

      The common law and the First Amendment accord a presumption of public access to judicial documents.  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006).  The

public's presumptive right of access to judicial documents is "potent and fundamental," *Mirlis v. Greer*, 952 F.3d 51, 58 (2d Cir. 2020) (citation omitted), and is "integral to our system of government," *United States v. Erie Cty., N.Y.*, 763 F.3d 235, 238-39 (2d Cir. 2014).

In considering a motion to seal, the court undertakes a three-part analysis. First, the court must determine whether the document is in fact a judicial document. A judicial document is "a filed item that is 'relevant to the performance of the judicial function and useful in the judicial process.'" *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016) (*quoting Lugosch*, 435 F.3d at 119). "Documents that are never filed with the court, but simply 'passed between the parties in discovery,'" are not judicial documents and lie "beyond the presumption's reach." *Brown v. Maxwell*, 929 F.3d 41, 49-50 (2d Cir. 2019). When a document becomes a "judicial document," the presumption of public access attaches.

Second, once the Court finds that the document is a "judicial document," the court must determine the weight of the presumption that attaches. The weight given the presumption of access is "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* at 49. "The strongest presumption attaches where the documents 'determin[e] litigants' substantive rights,' and [the presumption] is weaker where the 'documents play only a negligible role in the performance of Article III duties.'" *Olson v. Major League Baseball*, 29 F.4th 59, 89-90 (2d Cir. 2022) (citations omitted). "Thus, a strong presumption attaches to materials filed in connection with dispositive motions, such as a motion to dismiss or a summary judgment motion." *Id.* The weight accorded to the presumptive right to public access

is lower if the document is submitted in connection with a discovery dispute or other non-dispositive motion. *Brown*, 929 F.3d at 49-50.

Third, once the Court has determined the weight to accord the presumption of public access, it must determine whether competing considerations outweigh the presumption. *Lugosch*, 435 F.3d at 120. Regardless of the weight that must be accorded to the presumption, the court must make "specific, on the record findings" that sealing is necessary "to preserve higher values," and "is narrowly tailored to serve that interest." *Id*. The court may deny public disclosure of the record only "if the factors counseling against public access outweigh the presumption of access afforded to that record." *Olson*, 29 F.4th at 88.

"Higher values" the preservation of which might warrant sealing include personal privacy interests, public safety, the preservation of attorney-client privilege, and the protection of competitively sensitive business information. *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 168 (S.D.N.Y. 2018); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015). A sealing request is "narrowly tailored" when it seeks to seal *only* that information that must be sealed to preserve higher values. *Susquehanna Int'l Grp. Ltd. v. Hibernia Express (Ir.) Ltd.*, 2021 WL 3540221, at *4 (S.D.N.Y. Aug. 11, 2021).

**APPLICATION**

As an initial matter, the documents in question are "judicial documents" in which the presumption of public access attaches. *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 140 (2d Cir. 2016) ("pleadings. . . are Judicial records subject to a presumption of public access.") Further, there is a strong right of public access to a complaint and the historical default has been to keep them publicly accessible as they serve a "significant positive role" in

the judicial process. *Id.* at 141 (quoting Lugosch, 435 F.3d at 120) (internal quotation marks omitted).

The fact that the information was designated by the parties in discovery as confidential has no bearing on the weight accorded to the presumption of public access once those documents are submitted to the court and is not sufficient to overcome the presumption of public access. *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 155 (S.D.N.Y. 2015); *see also Rojas v. Triborough Bridge & Tunnel Auth.*, 2022 WL 773309, at *2 (S.D.N.Y. Mar. 14, 2022) ("[T]he showing required in connection with a sealing motion is significantly higher than the burden for obtaining a protective order in civil discovery.").

Having established that the documents in question are judicial documents to which a strong presumption of public access attaches, the Court now turns to considering whether there are countervailing "higher values" that outweigh the presumption.

The information that the Defendants seek to seal includes references to specific terms of alleged contracts between certain of the Defendants. Defendants allege that disclosure of these terms would cause them competitive injury. The information that non-party UMG seeks to seal pertains to a single communication from a former employee of UMG to one of the Defendants. UMG states that disclosure of this communication would reveal UMG's licensing practices and expose a former employee's identity.

For the information that Defendants seek to seal, Courts have recognized a privacy interest in certain confidential employment information, to the extent that disclosure may impact future contract negotiations. *Avocent Redmond Corp. v Raritan Americas, Inc.*, 2012 WL 3114855, at *15-17 (S.D.N.Y. July 31, 2012) (ordering documents containing confidential

employment information to be filed under seal as "the disclosure of which could affect future contract negotiations"). The proposed redactions, appearing on pages six through nine, are narrowly tailored to protect this specific interest. Thus, I find that it is appropriate to grant the Defendant's motion to seal in accordance with *Lugosch* and its progeny.

For the information non-party UMG seeks to seal however, the Court is not similarly persuaded. UMG states first that all internal business records, are "strictly confidential." As a general matter, a company's own designation of its internal documents as confidential has no bearing on the sealing analysis. *See Rojas*, 2022 WL 773309, at *2. UMG fails to state a reason why disclosing the single communication included in the FAC, specifically, would cause "concern among UMG recording artists, songwriters, producers and the music industry more broadly" that "their unique recording agreement terms, and the internal processes for delivery, production and release of their music may be at risk of public disclosure at any time." Similarly, UMG alleges that communications *similar* to those in the FAC, "oftentimes" reflect negotiating strategies, but does not state with any specificity the harm that could result from disclosure of *this* communication in particular. Finally, UMG states it is "particularly" concerned about any public disclosure of a former employee's identity and role in negotiations. However, the proposed redactions do not protect the former employee's anonymity, as the employee's title and date of employment are unredacted. Therefore, the proposed redactions are not tailored to address the concerns raised by UMG.

## CONCLUSION

The parties' motions to seal are granted in part and denied in part. Specifically, the motion at ECF No. 123 is GRANTED except to the extent the Amended Complaint also contains

the redactions proposed by UMG.  The motion at ECF No. 127 is DENIED in its entirety.  **The Clerk of the Court is respectfully directed to terminate the motions to seal at ECF Nos. 123 and 127, and to <u>unseal</u> the document at ECF No. 129 - UMG's Declaration in Support of the Motion to Seal.**

By **Wednesday, March 13, 2024**, the parties shall publicly file the Amended Complaint with limited redactions consistent with this opinion.  The filings shall be clearly labeled on ECF as public filings of the Amended Complaint and should electronically reference the sealed version of the documents on ECF.  If the parties do not publicly file the documents with narrow redactions in accordance with this opinion by **March 13, 2024**, the Court will direct that the documents be unsealed.

    **SO ORDERED.**

Dated: March 5, 2024  
       New York, New York

                                            KATHARINE H. PARKER  
                                            United States Magistrate Judge